execution in an action of which he claims malice was not of the gist, the burden of proof of such claim is on the petitioner.

2. EXECUTION, § 295*—*what is not conclusive as to whether malice was gist of action.* The mere fact that the statement of claim, filed in an action in which a *capias ad satisfaciendum* issued, does not disclose that malice was of the gist of the action does not entitle an insolvent debtor to release from imprisonment under such an execution, since the evidence offered on the trial may have been sufficient to support the judgment on which the *capias* was issued.

---

## Morris Chainowitz, Appellant, v. Stanley Formanek, Appellee.

### Gen. No. 21,891.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 19, 1916.

### Statement of the Case.

Action in replevin by Morris Chainowitz, plaintiff, against Stanley Formanek, defendant. From a judgment for defendant, plaintiff appeals.

SALTIEL & ROSSEN, for appellant.

JOHN J. MOSER, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

REPLEVIN, § 17*—*when action will not lie.* In an action of replevin where the plaintiff based his claim on an alleged sale of the goods in question by the defendant through the agency of the lat-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ter's wife, and the evidence showed that the defendant repudiated the alleged arrangements, never received the purchase price and never parted with possession of the goods, *held* that a judgment for the defendant was proper.

---

## Perciles C. Gounaris by George C. Gounaris, Appellee, v. Louis Pavlakos and Tony Kascos, Appellants.

### Gen. No. 21,921.

1. ESTOPPEL, § 16*—*when judgment in attachment suit is a bar to bill in equity.* A judgment against a plaintiff, a minor, in an attachment suit, brought against two defendants, one of whom had been dismissed from the suit before judgment, *held* a bar to a bill in equity against the defendant in whose favor the judgment in said suit had been rendered, who was joined with the defendant who had been dismissed from the attachment suit, seeking to have annulled a partnership agreement between the complainant and defendant, who had been dismissed from the attachment suit, and for the cancellation of certain notes and mortgages, the two suits involving the same questions and relief and the liability of the defendants, even though joint, being also several under the statute.

2. ESTOPPEL, § 16*—*what essential to estoppel by judgment.* It is no objection to the operation of a judgment, rendered in a former action as an estoppel, that the former action included some parties who are not joined in the second action or vice versa, provided the judgment in the former action was rendered on the merits and provided the cause of action in both cases is the same and the party against whom the estoppel is set up was actually a party to the former litigation.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed with directions. Opinion filed December 19, 1916.

MORGAN & McFARLAND, for appellants.

BEAUREGARD F. MOSELEY, for appellee.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.